CIVIL DISTRICT COURT ORLEANS PARISH
STATE OF LOUISIANA

FILED
2025 DEC 29  P 03:00
CIVIL
DISTRICT COURT

NO.                                                                 DIVISION:

FAURIES WEIGHING, INC.

VERSUS

STONE INSURANCE, INC., and THE BURLINGTON INSURANCE COMPANY

FILED:_____            _____
                                                              DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes the Plaintiff, Fauries Weighing, Inc. (FWI), a Louisiana corporation with its principal business establishment in Jefferson Parish, Louisiana, which respectfully represents the following.

1. Made Defendants herein are Stone Insurance, Inc. (SII), a Louisiana corporation with its principal business establishment in Jefferson Parish, Louisiana, and The Burlington Insurance Company (Burlington), a foreign insurer licensed to do business in this state, which are indebted to the Plaintiff for such damages as are fair and just, with legal interest and costs of litigation, for the following reasons.

2. Venue is proper in this Honorable Court since any damage or potential damage suffered by the Plaintiff has occurred or will occur in Orleans Parish.

### THE BUSINESS OF FAURIES WEIGHING, INC.

3. FWI is and for many years, has been in the freight forwarding business. As a part of its enterprise, at all material times FWI had a written lease (LEASE) with The Board of Commissioners of the Port of New Orleans (PORT). In the LEASE, FWI agreed to indemnify PORT and any of its agents from any damages, reasonable attorney fees, and litigation expenses arising from or in any way connected to the activities of FWI pursuant to the LEASE.

4. Ports of America, Louisiana (PAL), at all material times was the agent of PORT in connection with the operation of the leased premises, pursuant to the Tariff for Facilities in the Port of New Orleans agreement (TARIFF) between PORT and PAL. The provisions of the TARIFF are incorporated into the LEASE and acknowledged to be a part thereof by FWI and PORT.

2025-12365
L
Section 6

Case 2:26-cv-00424-JTM-KWR   Document 1-2   Filed 02/27/26   Page 2 of 17

FILED
2025 DEC 29  P 03:00
CIVIL
DISTRICT COURT

STONE INSURANCE, INC.

5. SII had provided insurance brokerage services to FWI for many years. SII regularly advised FWI as to recommended and available types of coverage in consideration of FWI's particular business as a freight forwarding business. FWI relied on said advice and purchased insurance from SII based on that advice.

6. SII was familiar with, or in the exercise of reasonable care, should have been familiar with coverages needed by FWI, and in fact fulfilled its obligation to FWI by providing those needed coverages, including FWI's potential liability for claims related to its assumption of liability for indemnification pursuant to a written contract when the cause of the claim to be indemnified was an injury to an employee of FWI.

7. During the policy year October 20, 2022, through October 20, 2023, SII had placed coverage with The Burlington Insurance which issued a CGL policy which did in fact cover FWI for the type of liability described in Paragraph 6, above. A renewal policy was issued for the following policy year of October 20, 2023, through October 20, 2024, however, the renewal policy contained an endorsement which negated coverage for FWI's potential liability for claims related to its assumption of liability for indemnification pursuant to a written contract when the cause of the claim to be indemnified was an injury to an employee of FWI.

8. SII never notified FWI of the absence of the coverage described in Paragraph 6 above from the October 20, 2023 through October 20, 2024 policy period, even though SII knew, or in the exercise of reasonable diligence, should have known that this important coverage had been removed from the Burlington policy. Furthermore, SII never advised FWI of the availability of replacing said coverage with some other carrier.

### ZACHARY BROWN V. TSD LOGISTICS, INC., JONATHAN THOMAS, AND PORTS AMERICA LOUISIANA, LLC., CIVIL DISTRICT COURT NO. 2024-5326, SECTION B-11

9. Zachary Brown was an employee of FWI who was injured in the course and scope of employment with FWI on August 3, 2024. He filed a third-party liability suit against the defendants listed above, which included PAL.

10. On or about January 17, 2025, counsel for PAL sent a demand letter to FWI wherein demand was made for defense and indemnity in the *Brown* suit from FWI in favor of PAL based upon the indemnity provisions of the TARIFF.

2025-12365 Case 2:26-cv-00424-JTM-KWR   Document 1-2   Filed 02/27/26   Page 3 of 17

L
Section 6

FILED
2025 DEC 29  P 03:00
CIVIL
DISTRICT COURT

11. Undersigned counsel made a request to SII to provide information to facilitate appointment of counsel to defend FWI on the contractual indemnity claim made by PAL. Counsel for SII responded that to his knowledge there was coverage afforded by the Burlington policy.

12. Undersigned counsel made demand on Burlington for a defense pursuant to the policy it had issued for the period October 20, 2023, through October 20, 2024. However, by letter dated June 25, 2025, Burlington Insurance Company denied coverage, citing the above referenced endorsement which negated the coverage for FWI's potential liability for claims related to its assumption of liability for indemnification pursuant to a written contract when the cause of the claim to be indemnified was an injury to an employee of FWI.

13. The June 25, 2025 denial letter from Burlington to undersigned counsel was the first notice to FWI that said coverage had been removed by the new endorsement on the October 20, 2023, through October 20, 2024, policy.

## ERRORS AND OMISSIONS CLAIM AGAINST STONE INSURANCE, INC.

14. In the *Brown* case cited above, FWI has been named as a third-party defendant by PAL based upon the indemnity provisions of the TARIFF. The Court in the *Brown* case has stayed the proceedings on the third-party demand pending the liability determination in the main case. FWI had requested a defense in the *Brown* case both from SII and Burlington, but to no avail.

15. FWI has already sustained damages since it is now obliged to hire its own counsel to represent it in the *Brown* case, both in the discovery and trial phases. In addition, in the event that there is a finding of liability to the plaintiff in the *Brown* case on the part of PAL, then and in such events, there is the potential of an undetermined sum of damages for which FWI may be liable to PAL.

16. The damages already sustained and the potential damages to be sustained by FWI were caused through the fault of Stone Insurance, Inc., which consisted of the following:

    a. Failing to provide competent service and advice to the Plaintiff, FWI, of the kind reasonably expected from insurance professionals in the relevant community.

    b. Failing to familiarize itself and its customer FWI with significant removals of coverage from the policy issued by Burlington for the October 20, 2023 through October 20, 2024 coverage period.

    c. Failing to advise FWI that its coverage for potential liability for claims related to its assumption of liability for indemnification pursuant to a written contract when the

2025-12365 Case 2:26-cv-00424-JTM-KWR Document 1-2 Filed 02/27/26 Page 4 of 17

L
Section 6

FILED
2025 DEC 29 P 03:00
CIVIL
DISTRICT COURT

cause of the claim to be indemnified was an injury to an employee of FWI had been removed, even in light of the fact that such coverage had been placed by SII in prior policy periods.

    d. Failing to advise FWI of replacement coverage available for the exposure removed by Burlington for the 2023-2024 period for potential liability for claims related to its assumption of liability for indemnification pursuant to a written contract when the cause of the claim to be indemnified was an injury to an employee of FWI.

    e. Falling beneath the standard of care reasonably expected of insurance professionals in the relevant area.

    f. Such other acts of negligence as will be proved at the trial of this matter.

## CLAIM AGAINST BURLINGTON INSURANCE COMPANY

17. Plaintiff, FWI paid for a policy of commercial insurance to Burlington Insurance Company through its agent, Stone Insurance, Inc. which included coverage potential liability for claims related to its assumption of liability for indemnification pursuant to a written contract when the cause of the claim to be indemnified was an injury to an employee of FWI.

18. It was represented to FWI by counsel for SII that such coverage did in fact exist, however, that representation was denied by Burlington through its letter of June 25, 2025.

19. Plaintiff has filed an Errors and Omissions claim against SII, alleging negligence on the part of SII, *inter alia,* in failing to advise FWI that the coverage potential liability for claims related to its assumption of liability for indemnification pursuant to a written contract when the cause of the claim to be indemnified was an injury to an employee of FWI was removed.

20. In the event that discovery indicates that the representations of counsel for SII were in fact correct, then and in such events FWI has a claim against Burlington for coverage in the *Brown* case along with statutory penalties and attorney fees.

21. FWI has already sustained damages since it is now obliged to hire its own counsel to represent it in the *Brown* case, both in the discovery and trial phases. In addition, in the event that there is a finding of liability to the plaintiff in the *Brown* case on the part of PAL, then and in such events there is the potential of an undetermined sum of damages for which FWI may be liable to PAL, for which FWI would be entitled to damages against Burlington for failing to provide coverage.

2025-12365

L
Section 6

Case 2:26-cv-00424-JTM-KWR    Document 1-2    Filed 02/27/26    Page 5 of 17

FILED
2025 DEC 29  P 03:00
CIVIL
DISTRICT COURT

WHEREFORE, Plaintiff prays that after due proceedings, there be judgment herein in its favor, and against Defendants Stone Insurance, Inc., and The Burlington Insurance Company, for such damages as are fair and just, with legal interest and the costs of these proceedings.

Respectfully Submitted:
Law Offices of Michael L. Mullin

Michael L. Mullin, LSBA 9819
Betty F. Mullin, LSBA 9818
9533 Robin Lane
River Ridge, LA  70123
Phone: 504-364-5383
Fax: 504-324-0303
mike@mullinlaw.net
betty@mullinlaw.net
Attorneys for Fauries Weighing, Inc.

**Please serve:**
Stone Insurance, Inc.
Through its registered agent
Michael L. DeShazo
703 South Tyler Street
Suite 102
Covington, LA  70433

The Burlington Insurance Company
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

| | |
|---|---|
| **ATTORNEY'S NAME:** | Mullin, Michael L 09819 |
| **AND ADDRESS:** | 9533 Robin Ln , New Orleans, LA 70123 |

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

**NO: 2025-12365**         **DIVISION: L**         **SECTION: 06**

### FAURIES WEIGHING, INC.

Versus

### STONE INSURANCE, INC., ET AL

### CITATION

**TO:**         THE BURLINGTON INSURANCE COMPANY
**THROUGH:**    LOUISIANA SECRETARY OF STATE
                8585 ARCHIVES AVE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 6, 2026**

| | |
|---|---|
| Clerk's Office, Room 402<br>Civil Courts Building<br>421 Loyola Avenue<br>New Orleans, LA 70112 | **CHELSEY RICHARD NAPOLEON**, Clerk of<br>The Civil District Court<br>for the Parish of Orleans<br>State of LA<br>by _____<br>**Barbara Gaude, Deputy Clerk** |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON  **THE BURLINGTON INSURANCE COMPANY** | ON  **THE BURLINGTON INSURANCE COMPANY** |
| THROUGH:  **LOUISIANA SECRETARY OF STATE** | THROUGH:  **LOUISIANA SECRETARY OF STATE** |
| Returned the same day<br>_____ No. _____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **THE BURLINGTON INSURANCE COMPANY** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____<br>Mileage: $ _____<br>_____ / ENTERED / _____<br>PAPER                RETURN<br>_____ / _____ / _____<br>SERIAL NO.        DEPUTY        PARISH | Returned the same day<br>_____ No. _____<br>Deputy Sheriff of _____ |

ID: 11769761                    Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

ATTORNEY'S NAME: Mullin, Michael L 09819
AND ADDRESS: 9533 Robin Ln , New Orleans, LA 70123

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-12365          DIVISION: L          SECTION: 06

### FAURIES WEIGHING, INC.

Versus

### STONE INSURANCE, INC., ET AL

### CITATION

TO: THE BURLINGTON INSURANCE COMPANY
THROUGH: LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 6, 2026

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Barbara Gaude, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of _____ served a copy of the within | On this ____ day of _____ served a copy of the within |
| Petition for Damages | Petition for Damages |
| ON THE BURLINGTON INSURANCE COMPANY | ON THE BURLINGTON INSURANCE COMPANY |
| THROUGH: LOUISIANA SECRETARY OF STATE | THROUGH: LOUISIANA SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said THE BURLINGTON INSURANCE COMPANY being absent from the domicile at time of said service. |
| No. ____ | |
| Deputy Sheriff of ____ | |
| Mileage: $ ____ | |
| ____/ ENTERED /____ | Returned the same day |
| PAPER          RETURN | No. ____ |
| ____/____/____ | Deputy Sheriff of ____ |
| SERIAL NO.    DEPUTY    PARISH | |

ID: 11769761                Page 1 of 2

| | |
|---|---|
| **ATTORNEY'S NAME:** | Mullin, Michael L 09819 |
| **AND ADDRESS:** | 9533 Robin Ln , New Orleans, LA 70123 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**NO: 2025-12365**            **DIVISION: L**            **SECTION: 06**

### FAURIES WEIGHING, INC.

Versus

### STONE INSURANCE, INC., ET AL

### CITATION

| | |
|---|---|
| TO: | STONE INSURANCE, INC. |
| THROUGH: | ITS REGISTERED AGENT MICHAEL L. DESHAZO |
| | 703 SOUTH TYLER STREET, SUITE 102, COVINGTON, LA 70433 |

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 6, 2026**

| | |
|---|---|
| **Clerk's Office, Room 402** <br> **Civil Courts Building** <br> **421 Loyola Avenue** <br> **New Orleans, LA 70112** | **CHELSEY RICHARD NAPOLEON, Clerk of** <br> **The Civil District Court** <br> **for the Parish of Orleans** <br> **State of LA** <br> by _____ <br> **Barbara Gaude, Deputy Clerk** |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within **Petition for Damages** ON **STONE INSURANCE, INC.** THROUGH: **ITS REGISTERED AGENT MICHAEL L. DESHAZO** <br> Returned the same day <br> _____ No. _____ <br> Deputy Sheriff of _____ <br> Mileage: $ _____ <br> _____ / ENTERED / _____ <br>         PAPER                    RETURN <br> _____ / _____ / _____ <br> SERIAL NO.      DEPUTY        PARISH | On this _____ day of _____ _____ served a copy of the within **Petition for Damages** ON **STONE INSURANCE, INC.** THROUGH: **ITS REGISTERED AGENT MICHAEL L. DESHAZO** by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **STONE INSURANCE, INC.** being absent from the domicile at time of said service. <br> Returned the same day <br> _____ No. _____ <br> Deputy Sheriff of _____ |

ID: 11769760                    Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

ATTORNEY'S NAME:  Mullin, Michael L 09819
AND ADDRESS:     9533 Robin Ln , New Orleans, LA 70123

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-12365         DIVISION: L         SECTION: 06

### FAURIES WEIGHING, INC.

Versus

### STONE INSURANCE, INC., ET AL

### CITATION

TO:      STONE INSURANCE, INC.
THROUGH: ITS REGISTERED AGENT MICHAEL L. DESHAZO
         703 SOUTH TYLER STREET, SUITE 102, COVINGTON, LA 70433

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 6, 2026

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Barbara Gaude, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of _____ served a copy of the within **Petition for Damages** ON **STONE INSURANCE, INC.** THROUGH: **ITS REGISTERED AGENT MICHAEL L. DESHAZO** Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ ____/ ENTERED /____ ____/____/____ SERIAL NO.   DEPUTY   PAPER   RETURN   PARISH | On this ____ day of _____ served a copy of the within **Petition for Damages** ON **STONE INSURANCE, INC.** THROUGH: **ITS REGISTERED AGENT MICHAEL L. DESHAZO** by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **STONE INSURANCE, INC.** being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |

**CLERK OF CIVIL DISTRICT COURT**



| CIVIL DIVISION | LAND RECORDS DIVISION |
|---|---|
| 421 Loyola Avenue, Room 402 | 1340 Poydras Street, 4th Floor |
| New Orleans, Louisiana 70112 | New Orleans, Louisiana 70112 |
| cdcclerk@orleanscdc.com | civilclerklandrecords@orleanscdc.com |
| Telephone: (504) 407-0000 | Telephone: (504) 407-0005 |
| Fax: (504) 592-9128 | |

*Chelsey Richard Napoleon*
Clerk of Court And Ex-Officio Recorder

January 9, 2026

Michael Mullin
Attorney at Law
9533 Robin Ln
River Ridge, LA 70123

   **RE:** *Fauries Weighing Inc v Stone Insurance Inc et al*
      CDC No. 2025-12365; Division "L-6"
      **Petition for Damages /Service Copies Fee**

Dear Mr. Mullin:

  This office is in receipt of the Petition for Damages referenced in the above captioned matter filed December 29, 2025. However, there is a fee due in the amount of **$30.00** for the certified copies. The fee is as follows:

| | |
|---|---|
| Exhibits 10 pages (@ 3.00 per page) | $30.00 |
| **Amount Due** | **$30.00** |

If you have questions, contact the Section Head of Division "L-6" at (504) 407-0012.

                  Sincerely,

                  Kim Livingston
                  Deputy Clerk

KL/jm

VERIFIED
1-13-26

FILED
2026 FEB 06  P 03:16
CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2025-12365        DIVISION "L"        SECTION: 06

### FAURIES WEIGHING, INC.

### VERSUS

### STONE INSURANCE, INC., ET AL.

FILED:_____        _____
                                      DEPUTY CLERK

### UNOPPOSED MOTION FOR EXTENSION OF TIME
### TO FILE RESPONSIVE PLEADINGS

**NOW INTO COURT**, comes The Burlington Insurance Company ("Burlington"), which respectfully requests a thirty (30) day extension of time from when its answer would otherwise be due, or until March 20, 2026, within which to answer, object or otherwise respond to the Petition for Damages filed by Plaintiff, Fauries Weighing, Inc., as undersigned counsel requires additional time to obtain its file materials and prepare responsive pleadings in this matter. This is the first motion for extension requested by Burlington in these proceedings.

On February 6, 2026, undersigned counsel contacted counsel for Plaintiff to obtain consent for a thirty (30) day extension from when its answer would otherwise be due to file responsive pleadings, and there was no opposition.

Burlington reserves the right to assert any and all exceptions, including but not limited to exceptions of insufficient/failure of service of process and citation, lack of jurisdiction, improper venue, no right of action, and no cause of action.

**WHEREFORE**, Burlington respectfully prays for an Order granting an extension through March 20, 2026, to file a responsive pleading to the Petition for Damages filed by the Plaintiff.

FILED
2026 FEB 06  P 03:16
CIVIL
DISTRICT COURT

Respectfully submitted,

*/s/ Kevin M. McGlone*
Kristopher T. Wilson, La. Bar No. 23978
Kevin M. McGlone, La Bar No. 28145
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, 27th Floor
New Orleans, Louisiana 70130
T: (504) 538-1990
F: (504) 310-9195
kwilson@lawla.com
kmcglone@lawla.com
*Counsel for Defendant, The Burlington Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2026, the foregoing pleading was served on all counsel of record in this matter via email, fax, or by U.S. mail, properly addressed and with postage prepaid.

*/s/ Kevin M. McGlone*
KEVIN M. MCGLONE

2

FILED
2026 FEB 06  P 03:16
CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2025-12365        DIVISION "L"        SECTION: 06

### FAURIES WEIGHING, INC.

### VERSUS

### STONE INSURANCE, INC., ET AL.

FILED:_____        _____
                                     DEPUTY CLERK

**CONSIDERING THE ABOVE AND FOREGOING** Unopposed Motion for Extension of Time to File Responsive Pleadings filed by Fauries Weighing, Inc.;

**IT IS HEREBY ORDERED** that The Burlington Insurance Company be and hereby is granted an extension of 30 days, until March 20, 2026, in which to answer or otherwise plead.

New Orleans, Louisiana, this ____ day of _____, 2026.

_____
JUDGE

E-Filed

FILED
2026 FEB 06  P 03:16
CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2025-12365         DIVISION "L"         SECTION: 06

**FAURIES WEIGHING, INC.**

**VERSUS**

**STONE INSURANCE, INC., ET AL.**

FILED:_____                   _____
                                              DEPUTY CLERK

### REQUEST FOR WRITTEN NOTICE

TO:   Clerk of Court, Civil District Court
      Parish of Orleans, State of Louisiana

In accordance with the provisions of Article Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, defendants, The Burlington Insurance Company, ("Burlington") files this Request for Written Notice of the date of trial in the above entitled and numbered cause, such notice to be provided to it through its counsel named below by mail, ten (10) days in advance of any date fixed for any trial or hearing of this cause, whether on exceptions, rules or the merits thereof. In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Civil Code of Procedure, Burlington requests immediate notice to its counsel of any order or judgment rendered in the cause upon the entry of any such order or judgment.

Respectfully Submitted:

_____
Kristopher T. Wilson, La. Bar No. 23978
Kevin M. McGlone, La Bar No. 28145
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, 27th Floor
New Orleans, Louisiana 70130
T: (504) 568-1990
F: (504) 310-9195
kmcglone@lawla.com
kwilson@lawla.com
*Counsel for Defendant, The Burlington Insurance Company*

E-Filed

FILED
2026 FEB 06  P 03:16
CIVIL
DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February 2026, the foregoing pleading was served on all counsel of record in this matter via email, fax, or by U.S. mail, properly addressed and with postage prepaid.

_____
KEVIN M. MCGLONE